1

2

3

4

5

6                         IN THE UNITED STATES DISTRICT COURT

7

8                         FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   SWINGLESS GOLF CLUB CORPORATION,
     a Wyoming corporation,
11                                                        No. C 08-05574 WHA
                     Plaintiff,
12
           v.
13
     ROY H. TAYLOR, individually and d/b/a
14   CENTERFIRE GOLF COMPANY, and JAMES          **ORDER GRANTING
     S. STOWELL, an individual, JACK GALANTI,    IN PART AND DENYING
15   an individual, MIKE STRINGER, an individual, IN PART DEFENDANTS'
     CENTERFIRE GOLF COMPANY, a California       MOTION TO DISMISS**
16   corporation, NEW RIVER INDUSTRIES CORP.,
     EZEE GOLF LLC, a Delaware limited liability
17   company, and STEVE FLUKE, an individual,

18                   Defendants.
                                                    /
19

20                                  **INTRODUCTION**

21          This is a motion to dismiss patent infringement, tort, and unfair competition claims in

22   connection with an intellectual property dispute.  The complaint asserts the following:  (1) patent

23   infringement; (2) misappropriation of trade secrets; (3) intentional interference with contractual

24   relations; (4) intentional interference with prospective business advantage; (5) unfair

25   competition; (6) Lanham Act violation; and (7) breach of contract.  Defendants do not challenge

26   claims two, six, or seven on this motion.  Defendants challenge the sufficiency of the pleadings

27   for claims one, three, four, and five under Rule 12(b)(6) or, in the alternative, move for a more

28   definite statement for those claims under Rule 12(e).  Accordingly, defendants' motion to

**United States District Court**
For the Northern District of California

1    dismiss claim four is **GRANTED** with leave to amend.  Defendants' motion to dismiss claims one,

2    three, and five is **DENIED**.

3                                            **STATEMENT**

4            This suit arises from an intellectual property dispute.  Plaintiff Swingless Golf Club

5    Corporation is the successor in interest to Swingless Golf Corporation (SGC).  Plaintiff is in the

6    business of manufacturing and selling the "swingless golf club" and is alleged to own trade

7    secrets, patents, and trademarks involved in the production of the club.  Many of defendants are

8    former SGC employees and are also alleged to be agents, representatives, or employees of EZee

9    Golf LLC.

10           Defendant Roy Taylor is the former chief executive officer of SGC.  He is the creator and

11   former owner of four patented inventions involved in the swingless golf club:  United States

12   Patent and Trademark Office (USPTO) serial number 5,522,594 (the '594 patent), USPTO serial

13   number 5,816,927 (the '927 patent), USPTO serial number 5,924,932 (the '932 patent), and

14   USPTO serial number 6,139,440 (the '440 patent).  There are additional processes, methods,

15   and techniques of manufacturing that were developed by SGC for the production of the

16   swingless golf club.  These are alleged to qualify as trade secrets under California law and are

17   protected by disclosure agreements between defendants and SGC.

18           Taylor assigned the '594, '927, and '932 patents to SGC in June 2002, when SGC

19   became the exclusive owner of those patents.  In November 2002, Taylor transferred other

20   non-patent intellectual property rights including trade secrets to SGC.  Defendants Steve Fluke

21   and Mike Stringer entered into identical agreements around the same time where they also

22   acknowledged that SGC owned the intellectual property in question and promised not to sell

23   or use it.  Taylor was removed from his position at SGC in approximately August 2003.

24           In September 2003, Taylor executed two patent assignment documents in which he

25   purported to transfer the '594 and '932 patents and the trademark "Swingless" to himself, then

26   to an allegedly sham corporation called New River Industries Corporation.  SGC brought suit

27   in Alameda County Superior Court alleging that Taylor lacked the authority to effectuate the

28   September 2003 transfers.  As a result of that lawsuit, the parties entered into a settlement

**United States District Court**
For the Northern District of California

2

United States District Court

For the Northern District of California

1    agreement in which Taylor agreed to execute assignments to return the '927 and '932 patents

2    and the trademark "Swingless" back to SGC.  In August 2005, the Alameda County Superior

3    Court ordered the patents reassigned pursuant to the settlement agreement.  This judgment was

4    recorded with the USPTO in April 2006.

5         SGC dissolved in 2006 and assigned its interest in the intellectual property to plaintiff

6    Swingless Golf Club Corporation.  In March 2007, defendants again unilaterally purported to

7    transfer the '927 and '932 patents to themselves.  Plaintiff alleges that defendants did not have

8    the authority for such a transfer.

9         Since at least April 2009, defendants have been offering for sale a golf club through EZee

10   Golf that is allegedly similar to the swingless golf club sold by plaintiff.  The golf club sold by

11   defendants is allegedly based on the same functionality, specifications, trade secrets, and patents

12   as those owned by plaintiff.  The complaint also alleges that the golf club sold by defendants has

13   a sticker on its shaft identifying that it "incorporates the '440, '927, and '932 Patents, which

14   belong to [plaintiff]" (Compl. ¶ 34).  Defendants allegedly told undercover buyers and investors

15   that defendants owned the patents in dispute, even though they knew it to be false.

16        Plaintiff filed this lawsuit on December 15, 2008.  Defendants now move to dismiss the

17   first amended complaint.

**ANALYSIS**

18   **1.    LEGAL STANDARD.**

19        A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged

20   in the complaint.  The Supreme Court has recently explained that "[t]o survive a motion to

21   dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

22   relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations

23   omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

24   the court to draw the reasonable inference that the defendant is liable for the misconduct

25   alleged." *Ibid*.  All material allegations in the complaint as well as reasonable inferences to be

26   drawn from them are accepted as true.  But this does not apply to legal conclusions; rather,

27

28

courts must examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff.

Although materials outside of the pleadings should not be considered without converting the motion to dismiss to a motion for summary judgment, a district court may consider all materials properly submitted as part of the complaint, such as exhibits. *Hal Roach Studios v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

In the alternative, plaintiff moves for a more definite statement under Rule 12(e), which states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." As the undersigned has previously stated:

> Rule 12(e) motions are disfavored and rarely granted. The rule is aimed at unintelligibility rather than lack of detail and is only appropriate when the defendants cannot understand the substance of the claim asserted. If the detail sought by a motion for a more definite statement is obtainable through discovery, the motion should be denied.

*Castaneda v. Burger King Corp.*, 597 F. Supp. 2d 1035, 1045 (N.D. Cal. 2009) (citations omitted).

**2.      PATENT INFRINGEMENT (CLAIM ONE).**

The complaint alleges facts sufficient to state a claim for patent infringement. Defendants' motion to dismiss this claim is therefore denied.

Section 271(a) of the United States Patent Act states that "whoever without authority makes, uses, offers to sell, or sells any patented invention within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. 271(a). The Ninth Circuit in *Neff Instrument Corp. v. Cohu Elec., Inc.*, 269 F.2d 668 (9th Cir. 1959), explained that the manufacture of or offer to sell a single device protected by a patent constitutes an infringement. A complaint for patent infringement should identify the patents in dispute, allege ownership of them, allege the act that constitutes infringement, and, where damages are sought prior to the date suit was filed, state that the defendant has received actual notice of the infringement allegation and continued to infringe thereafter. *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001).

**United States District Court**
For the Northern District of California

1    The complaint identifies the relevant patents, when they were issued, and when they

2    were assigned to plaintiff.  Plaintiff also alleges that defendants are making, selling, and offering

3    for sale the "EZee Golf Club," which embodies the intellectual property belonging to plaintiff.

4    Defendants' argument that plaintiff fails to establish any current rights to the patents in question

5    is stillborn.  The complaint points to the Alameda County Superior Court's August 2005

6    judgment, which was recorded with the USPTO thereafter, to support the allegation that plaintiff

7    is the sole owner of the patents.  The complaint further alleges that defendants never had

8    authority to transfer the patents to themselves and that as such the defendants' March 2007

9    assignment of the patents to themselves is void.  If plaintiff proves its case, then plaintiff would

10   own the patents in question, and defendants would be without authority to make, offer to sell,

11   or sell the disputed golf club model.  These facts, accepted as true, satisfy the plausibility

12   standard for surviving a motion to dismiss.

13   Furthermore, while the parties have not raised the issue on this motion, the complaint

14   does not specifically allege actual notice of the infringement allegation.  Such notice is not

15   required for the requested injunctive relief.  But proof of actual notice and continued

16   infringement thereafter is required before plaintiff can recover damages.  The complaint as it

17   stands does not meet this requirement.  Regardless, the complaint is sufficient to move forward

18   with regard to plaintiff's requested injunctive relief.

19   Defendants argue in the alternative that plaintiff needs to provide a more definite

20   statement because the complaint fails to establish that it has any current rights to the patents

21   in question.  This argument is without merit since the claim alleges that the EZee Golf Club

22   "incorporates the IP that *belongs to the plaintiff.*"  The facts surrounding plaintiff's ownership

23   rights will be readily obtainable during discovery.  The complaint is sufficiently detailed for

24   defendants to understand the claims against them and to prepare a response.  Defendants' motion

25   is denied with respect to claim one.

**3.    INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS (CLAIM THREE).**

The complaint pleads sufficient facts to support a claim of interference with contractual

relations.  Defendants' motion to dismiss this claim is therefore denied.

The elements of a cause of action in California for intentional interference with contractual relations are: "(1) a valid contract between plaintiff and a third party; (2) defendants' knowledge of the contract; (3) defendants' intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Guidiville Band of Pomo Indians v. NGV Gaming, Ltd.*, 531 F.3d 767, 774 (9th Cir. 2008).

The complaint alleges that plaintiff has had contractual relationships with customers for the swingless golf club, that defendants were aware of those agreements, and that defendants intentionally interfered with and ended those agreements by representing to buyers that defendants were the exclusive owners of the patents in dispute. Although the complaint does not point to any single contract, it does allege a specific class of existing contracts that defendants purportedly induced the breach thereof — those existing between plaintiff and its customers for the swingless golf club. This pleading, even if improvable, survives a motion to dismiss.

Defendants' alternative argument that the complaint is insufficient under Rule 12(e) is also denied. Defendants argue that plaintiff has not stated which parties plaintiff contracted with, which contracts were interfered with, and when those contracts were entered into. These facts will be readily obtainable in discovery. "[T]he complaint is sufficiently detailed to allow Defendants to understand the claims against them." *Castaneda*, 597 F. Supp. 2d at 1046 (citation omitted). Defendants' motion is denied with respect to claim three.

### 4. INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE (CLAIM FOUR).

Under California law, a claim based upon intentional interference with prospective business advantage requires: (1) an economic relationship between the plaintiff and some third party with the probability of future economic benefit to the plaintiff; (2) defendant's knowledge of the relationship; (3) intentional acts, apart from the interference itself, by defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of defendant. Contrary to plaintiff's citations, it is well settled in California that a plaintiff must establish an existing economic relationship or a

protected expectancy with a third person, not merely a hope of future transactions.  *See, e.g.,*

*Blank v. Kirwan*, 39 Cal. 3d 311, 330–31 (1985); *Janda v. Madera Cmty. Hosp.*, 16 F. Supp. 2d

1181 (E.D. Cal. 1998).

Plaintiff's first amended complaint does not state a claim because the first element of the

tort is missing.  The complaint alleges merely that plaintiff had a "reasonable probability of

profitable economic relationships with others regarding the sale of the swingless golf club."

It does not point to any actual economic relationships or a protected expectancy thereof; rather,

it points only to a class of unknown potential future customers.

Defendants' motion to dismiss claim four (intentional interference with prospective

business advantage) is therefore granted.

**5.** **UNFAIR COMPETITION (CLAIM FIVE).**

Plaintiff's fifth claim seeks equitable relief in the form of restitution damages and

injunctive relief under California's Unfair Competition Law.  Section 17200 of California's

Business and Professional Code prohibits "unlawful, unfair or fraudulent business act or practice

and unfair, deceptive, untrue or misleading advertising."  This section is directed toward "the

public's right to protection from fraud, deceit, and unlawful conduct."  A claim under this

section must be based on some predicate unlawful act and is limited to equitable remedies.

Plaintiff's unfair competition claim incorporates patent infringement, misappropriation of

trade secrets, and interference with contractual relations claims.  It thus identifies three unlawful

acts by defendants alongside the allegation that defendants advertised their golf clubs as

incorporating plaintiff's patents.  Whether this practice was deceptive is a question of fact that is

not appropriate for a Rule 12(b)(6) motion.  Contrary to defendants' suggestion that the

complaint does not support an unjust enrichment theory with any factual basis, such is not

required for an unfair competition claim under Section 17200.  Plaintiff alleges that it has been

directly damaged by the acts of unfair competition of defendants as consumers are likely to be

deceived into believing that defendants have the right to market their EZee Golf Club when the

intellectual property allegedly belongs to plaintiff.  Indeed, consumers would be tricked into

infringing the patents by using the EZee Golf Club, believing (wrongly under the allegations)

that they had acquired a license to practice the patents in purchasing from EZee. These facts, if proven, are sufficient to support plaintiff's unfair competition claim requesting injunctive relief. Furthermore, defendants' assertion that the complaint is factually incorrect with regards to the intellectual property incorporated into the EZee Golf Club is not relevant for this motion since this motion accepts as true all material allegations in the complaint. Accordingly, the unfair competition claim is well beyond the threat of a Rule 12(b)(6) dismissal. Defendants' motion to dismiss this claim is denied.

Defendants argue in the alternative that plaintiff should provide a more definite statement because the complaint "has failed to allege any true facts which would support its allegation of unfair competition." This argument is misguided. The complaint alleges that defendants' acts in violation of Section 17200 — by marketing the patents in question as their own — are likely to deceive consumers into believing that defendants have the rights to the patents in question, thereby directly damaging plaintiff. There is no ambiguity in this statement. Defendants' motion for a more definite statement is therefore denied.

**CONCLUSION**

This order finds that claim four (intentional interference with prospective business advantage) is insufficient under Rule 12(b)(6). Defendants' motion to dismiss this claim is therefore **GRANTED**. Within **FOURTEEN CALENDAR DAYS**, plaintiff may file a motion on a normal 35-day track seeking to cure the foregoing deficiencies and appending to the motion a proposed amended complaint. The proposed amended complaint should specifically identify the future lost customers giving rise to this claim.

Claims one (patent infringement), three (intentional interference with contractual relations), and five (unfair competition) are sufficient under Rule 12(b)(6). The complaint is also sufficiently detailed for defendants to understand these claims against them and to prepare

United States District Court

For the Northern District of California

a response.  Defendants' motion to dismiss these claims or, in the alternative, for a more definite

statement is therefore **DENIED**.  Meanwhile, discovery should be moving forward briskly.

      **IT IS SO ORDERED.**

Dated:  July 7, 2009.

                                        WILLIAM ALSUP
                                        UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California