IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWINGLESS GOLF CLUB CORPORATION, a Wyoming corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>ROY H. TAYLOR, individually and d/b/a CENTERFIRE GOLF COMPANY, and JAMES S. STOWELL, an individual, JACK GALANTI, an individual, MIKE STRINGER, an individual, CENTERFIRE GOLF COMPANY, a California corporation, NEW RIVER INDUSTRIES CORP., EZEE GOLF LLC, a Delaware limited liability company, and STEVE FLUKE, an individual,<br><br>    Defendants.<br>_____/ | No. C 08-05574 WHA<br><br><br>**ORDER DENYING WITHDRAWAL OF ATTORNEY** |

In this patent-infringement action, Attorney James Barrett seeks to withdraw as attorney of record for defendants due to conflicts with the clients involving decisions, strategies, and general cooperation. Plaintiff opposes.

Under Civil Local Rule 11-5(a), counsel "may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the parties to appear *pro se*, leave to withdraw may be subject to the condition that

papers may continue to be served on counsel for forwarding purposes, unless and until the clients appear by other counsel or *pro se*. Civil L.R. 11-5(b)

It is not clear that reasonable advance notice was provided in the instant action. In the notice of withdrawal, Attorney Barrett states that "all" defendants have accepted his withdrawal as represented by the signatures of "all" defendants (Dkt. No. 60). He further declares that all defendants have been notified. His declaration, however, reveals, that he has not obtained a signature for defendant James Stowell because he is "non compliant, has failed to communicate throughout this matter, and is unable to be found" (*ibid.*). In a supplemental declaration, Attorney Barrett represents that emails and communications have been sent to Stowell, but there has been no reply. No details are provided regarding the dates of these emails and communications. In addition, several corporations are named as defendants, and corporations cannot appear *pro se*. Civil L.R. 3-9(b). Defendants have not yet come forward with substitute counsel and there is no indication as to the status of their search for substitute counsel, if any. Defendants' lack of representation will only create unnecessary delay.

Attorney Barrett cannot be allowed to leave his clients without representation. Thus, the request to withdraw as counsel is **DENIED** until defendants obtain substitute counsel. Defendants should work with its current counsel to obtain new counsel so that current counsel can be relieved. In the meantime, Attorney Barrett retains all the responsibilities of counsel of record.

**IT IS SO ORDERED.**

Dated: September 11, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2